THE PEOPLE *ex rel.* G. R. Duncan, County Collector, Appellee, *vs.* JOHN M. WORLEY *et al.* Appellants.

*Opinion filed December 17, 1913.*

1. TAXES—*purpose of the provision requiring petition for hard roads election to describe the roads.* The purpose of the provision of the statute requiring the location of the roads to be described in the petition for a hard roads tax election is to inform the voters what roads they are voting to improve.

2. SAME—*when inaccuracies in describing roads do not invalidate election.* Inaccuracies in the description of the location of the roads described in a petition for a hard roads tax election do not invalidate the election, if the description is sufficient to enable the voters to know what roads are intended and it does not apply to any other roads in the township.

3. SAME—*fact that portion of road lies within corporate limits of city or village does not invalidate tax.* The fact that one of the roads to be improved by the hard road tax lies partly within the limits of a city or village of less than 10,000 population does not

invalidate the tax where there is the necessary arrangement with the city council or board of trustees, as the act of 1905 (Laws of 1905, p. 369,) authorizes such improvement and it was within the power of the legislature to provide that a tax levied upon all the property in the township should be partly expended within the corporate limits of a city or village within the township.

4. SAME—*when election on proposition to borrow money and issue bonds is void.* An election upon the proposition to borrow money for the construction of hard roads and to issue bonds therefor is void, where the ballot is so printed that no voter can vote against the proposition but can only vote for the proposition or that he is not against it. (*Harvey* v. *Cook County,* 221 Ill. 76, and *People* v. *Myers,* 256 id. 529, followed.)

5. SAME—*right of town to incur indebtedness rests upon legislative authority.* The right of a town to incur indebtedness does not depend upon equitable considerations but upon legislative authority exercised in the prescribed manner.

6. SAME—*when fact that majority voted for proposition is not material.* The fact that a majority of those voting at an election on the proposition to borrow money for hard roads and issue bonds voted for the proposition and understood how they were voting cannot be considered upon application for judgment and order of sale for the delinquent bond tax, where the ballot at the election was so prepared that no one could vote against the proposition. (*People* v. *Sullivan,* 247 Ill. 176, distinguished.)

APPEAL from the County Court of Douglas county; the Hon. WALTER J. DOLSON, Judge, presiding.

WALTER V. ARBUCKLE, and JOHN H. CHADWICK, for appellants.

J. THOMAS COLEMAN, State's Attorney, CHARLES G. ECKHART, JAMES W. & EDWARD C. CRAIG, and DONALD B. CRAIG, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Douglas county overruled objections of appellants to the application of the county collector for judgment against their lands for two taxes of the town of Bowdre. One of them was levied to construct and

maintain rock roads, and the other to pay interest on bonds issued for the construction and maintenance of rock roads. Judgment was entered against the lands with an order for their sale to satisfy the taxes, and from the judgment an appeal was taken.

The objections to the tax levied to construct and maintain rock roads which are presented in the brief and argument are, that two of the roads to be improved were misdescribed and that a part of one road was within the incorporated village of Hindsboro.

There were five roads described in the petition and proceedings, and in the description the roads numbered 2 and 3 were located in range 10 while the township of Bowdre is in range 9, and a part of road No. 2 was described as being on a certain half-section line when it was about ten or twelve rods south of that line. The purpose of the statute in requiring the location of a road to be stated is, that the voters may be informed as to the road they are voting about in the election. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 Ill. 565.) Road No. 2 was described as beginning at the intersection of Indiana street, in the village of Hindsboro, and it gave the township, the different sections along the route and the courses correctly and ended at the east line of Bowdre township. At one place the road was several rods from the section line, which would be known to a person who knew the exact location of the line, but the description could not apply to any other road except that road. The description was sufficient to inform the voters what road was to be improved.

Road No. 2 ran through the incorporated village of Hindsboro, and the tax was objected to on that ground. Section 16½ of the act authorizing the construction and maintenance of hard roads, added by amendment in 1905, (Laws of 1905, p. 369,) provides for extending any road improved under the act through the corporate limits of any city or village of less than 10,000 population by agreement

with the city council or board of trustees, and there was such an arrangement in this case. It is alleged that the section is unconstitutional, but no provision of the constitution with which it is supposed to conflict is pointed out. The tax is to be levied upon all the property in the township, whether within the limits of an incorporated city or village or not, (*People* v. *Peoria and Pekin Union Railway Co.* 232 Ill. 540,) and no reason occurs to us why the General Assembly may not authorize the expenditure of a part of a tax within a city or village.

Road No. 3 was described as running from a certain fixed point to the inland town commonly known as Hugo and thence north and west, following the line of the road to the north line of Bowdre township. While the range was wrong, the description could not apply to any road except the road in Bowdre township.

The court did not err in overruling objections to the tax levied to construct and maintain rock roads.

A special election was held on May 11, 1912, to vote on the proposition of borrowing $35,000 to construct and maintain rock roads in the town, and bonds dated July 12, 1912, were issued by virtue of that election. The statute (Laws of 1909, sec. 4*a*, p. 328,) provides that the vote at such an election "shall invariably be by ballot, and shall be, 'For borrowing money to (here define the purpose,)' or 'Against borrowing money (here define the purpose.)'" The ballot used at the election was in the following form:

| For borrowing $35,000 to construct and maintain rock roads in Bowdre Township, Douglas County, Illinois. | YES | |
|---|---|---|
| Against borrowing $35,000 to construct and maintain rock roads in Bowdre Township, Douglas County, Illinois. | NO | |

A majority of the ballots had a cross in the square opposite the word "Yes." This ballot presents precisely the

same question as the ballot used in the case of *Harvey* v. *Cook County,* 221 Ill. 76, where it was held that the election was void because there was no clear and unmistakable way to vote against the proposition. In that case the General Assembly had prescribed the form of the ballot but it had not been used, and it was decided that fairness and equal opportunity to all voters to express their choice required that a vote in the negative could be as clearly and as certainly indicated as a vote in the affirmative, but a cross in the square opposite the word "No" would indicate nothing more than that the voter was not against the proposition, and the voter therefore had no way to vote against it. In the case of *People* v. *Myers,* 256 Ill. 529, it was held that the ballot for an election to build hard roads must be in the form prescribed by the General Assembly; that the form prescribed is a matter of substance, and a failure to comply with the law in that respect renders an election void. The decisions in those cases are conclusive in this one; and the same principle was applied in the case of *Village of East Springfield* v. *City of Springfield,* 238 Ill. 534, concerning the ballot used in the village of East Springfield.

The county collector produced ninety-five voters, constituting a majority of the voters in the town, who would swear that they were in favor of borrowing the money and understood that they were voting in favor of the proposition. That would have appeared without their testimony, but the fact would not answer the objection that the ballot only permitted a vote for the proposition or one that was not against it, and furnished no opportunity to vote against borrowing the money. The right of a town to incur indebtedness does not rest upon equitable considerations but upon legislative authority, and the authority must be exercised in the prescribed manner. Any error or informality in the acts of the officers or proceedings for the levy of a legal tax not affecting its substantial justice is to be disregarded or amended, but if a tax has no legal foun-

dation tax-payers cannot be required to pay it. The fact that a majority voted for the indebtedness and that no one voted against it cannot be disputed, neither can there be any question of the fact that no one could vote against it on the ballot used at the election, and that those who made a mark opposite "No" did not, in fact, vote against it. In the case of *People* v. *Sullivan,* 247 Ill. 176, where there was an election on the question of establishing a township high school, the law did not prescribe any form for a ballot and each voter was at liberty to prepare a ballot in any form which expressed his intention. The ballot used meant nothing. A vote "Yes" indicated that the voter was for or against the high school, and a vote "No" indicated that he was neither for nor against it. Upon an application for leave to file an information in the nature of *quo warranto,* where granting or refusing the leave rested in the sound discretion of the court, it was held that the court might consider affidavits of voters as to how they understood the ballot and intended to vote. It was held that on the showing made by the affidavits the court was justified in the exercise of discretion in refusing leave to file the information, but that was the extent of the decision, which did not weaken or affect the other decisions respecting the validity of a ballot not according to the form prescribed by the General Assembly. The objection to the ballot was fatal to the validity of the election to borrow money and issue bonds, and as the indebtedness was not lawfully created the tax must fail.

The judgment is affirmed as to the hard road tax and reversed as to the bond tax and the cause is remanded to the county court, with directions to sustain the objection to the bond tax and to deny judgment for that tax. The appellants will pay half the costs of the appeal.

*Reversed in part and remanded, with directions.*