(No. 11959.—Decree affirmed.)

JOHN M. WORLEY *et al.* Appellants, *vs.* ELDEN IDLEMAN
*et al.* Appellees.

*Opinion filed October 21, 1918.*

1. CONSTITUTIONAL LAW—*general rule as to power of legisla-
ture to enact curative laws.* The legislature may by a curative act
validate any proceeding which it might have authorized in the first
instance, provided the power be so exercised as not to infringe or
divest property rights and vested interests of persons.

2. SAME—*when curative act does not invade province of judi-
ciary.* Where a judgment or decree holding bonds invalid is based
upon the ground of want of authority from the legislature to issue
the bonds in the manner they were issued, the passage by the legis-
lature of a curative act validating the bonds is not an invasion of
the province of the judiciary nor interference with the judgment.

3. SAME—*when judgment is not a final adjudication as to valid-
ity of bonds.* A judgment by the Supreme Court holding certain
hard roads bonds invalid because the ballots for the election were
not in proper form and holding that the property of the objectors
cannot be sold to pay the bond tax, is not, where the bondholders
were not parties to the suit, a final adjudication as to the validity
of the bonds and does not preclude the passage of a curative act
providing a method for validating the bonds by a vote of the people.

4. SAME—*Bond Validating act of 1917 is not unconstitutional.*
The act of June 11, 1917, (Hurd's Stat. 1917, p. 2584,) providing
a method of validating hard roads bonds previously issued under
the circumstances mentioned in the act, is not unconstitutional.

APPEAL from the Circuit Court of Douglas county; the
Hon. FRANKLIN H. BOGGS, Judge, presiding.

JOHN H. CHADWICK, for appellants.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG,
JR., and FRED H. KELLY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the annual town election in the town of Bowdre, in
Douglas county, in 1912, the proposition to levy a tax of
one dollar on each $100 assessed valuation of the taxable

property in the town for a period of five years for the construction and maintenance of rock roads was submitted to the voters and was carried. Thereafter the commissioners of highways and one hundred freeholders of the town petitioned the supervisor to call a special election for the purpose of submitting to the voters of the town the proposition of borrowing $35,000 to construct and maintain rock roads in the town and to issue bonds therefor. The petition was filed in the office of the town clerk on April 29, 1912, and a special election was called for May 11, 1912, to vote on the proposition. The election officers declared the proposition carried, and the highway commissioners thereafter caused bonds of the town in the aggregate sum of $35,000 to be issued. These bonds were dated July 1, 1912, bore interest at the rate of five per cent per annum, and were sold to the H. C. Speers & Sons' Company, of Chicago, at par. The commissioners of highways received the money from the sale of the bonds and used it in the construction of the rock roads authorized by the vote at the annual town election of 1912. The county clerk of Douglas county extended a tax against all taxable property in the town for the payment of the interest accruing on the bonds in 1912. Certain property owners refused to pay the tax and their property was returned delinquent. At the June term, 1913, of the county court of Douglas county the county collector applied for judgment and an order of sale against the property returned delinquent. Objections filed by the owners of this property were overruled and judgment was rendered for the amount of the tax and the delinquent lands were ordered sold to satisfy the judgment. The objectors appealed to this court, and the judgment of the county court was reversed, for the reason, as disclosed by the opinion, that the election of May 11, 1912, was void because the ballots used at that election were so worded that there was no opportunity given the voters to vote against the proposition of issuing bonds; that the indebtedness was therefore not

legally created, and no valid tax could be levied or extended to pay the same. (*People* v. *Worley*, 260 Ill. 536.) In 1913 the county clerk again extended a tax against the property in the town of Bowdre on account of said bonds for the payment of interest for the year 1913 and for the sinking fund created to pay the principal of the bonds at maturity. Certain of the property owners thereupon filed their bill for injunction in the circuit court of Douglas county, and on March 14, 1914, the circuit court granted an injunction perpetually enjoining the collector of the town of Bowdre and the county collector from collecting or attempting to collect from the complainants the tax extended against their property, enjoining the county clerk from extending upon the tax books any tax against the complainants' property for the purpose of paying principal and interest on the said bonds, and perpetually enjoining the highway commissioners of the town of Bowdre from taking any action towards making any levy upon the property of the complainants for the purpose of paying the principal and interest of the bonds. On the same day that decree was entered the commissioners of highways of the town of Bowdre and one hundred freeholders of the town petitioned the town clerk to call a special election to vote on the proposition of borrowing $35,000 to construct and maintain hard roads in the town and to issue bonds therefor. The special election was held March 28, 1914, and the proposition was submitted to the voters and carried. Bonds dated April 1, 1914, and aggregating $35,000, were prepared and signed by the commissioners of highways and the town clerk. It was the purpose of the commissioners to exchange these bonds for the bonds dated July 1, 1912, which were in the hands of the H. C. Speers & Sons' Company, but before the exchange was effected the tax-payers who had theretofore objected to the taxes filed their bill for injunction in the circuit court of Douglas county to restrain the highway commissioners and the town clerk from disposing of the bonds dated

April 1, 1914. On December 20, 1915, the court entered
a decree in that cause perpetually enjoining the highway
commissioners and the town clerk from exchanging the
bonds dated April 1, 1914, for the bonds dated July 1, 1912,
and from selling the bonds dated April 1, 1914, and apply-
ing the proceeds to the payment of the bonds dated July
1, 1912, or to any other purpose, until the further order
of the court. Thereafter the General Assembly passed the
following act, which was approved June 11, 1917:

"Sec. 1. That in all cases where an election has been
held in any township in this State for the purpose of voting
on a proposition to borrow money to construct and main-
tain gravel, rock, macadam or other hard roads in such
township, and a majority of voters voting at such election
have voted in favor thereof, and where, pursuant to such
election, bonds of the township have been issued in good
faith and within the debt limitation prescribed by law, and
the purchase price thereof has been received by the town-
ship and where, subsequent to the issuance of such bonds,
a question shall have arisen as to the legality of the elec-
tion proceedings under which such bonds were voted, such
bonds may be ratified and validated in the manner herein-
after provided.

"Sec. 2. Upon a petition signed by ten or more of the
legal voters of the town addressed to the town clerk re-
questing the submission to the voters of such township at
the annual town meeting or at a special meeting called for
that purpose of the proposition to ratify and validate any
such bonds theretofore issued by such township and specify-
ing the date and amount of the bonds to be ratified; it
shall be the duty of the town clerk to give notice of the
submission of such proposition to the voters of the town-
ship at the next annual town meeting, or to call a special
meeting for that purpose, as may be designated in the peti-
tion. Such notice shall state the time and place of the meet-
ing and the proposition to be voted upon and shall be posted

in at least five public places in the township not less than ten days previous to the meeting. At such meeting a resolution to ratify any such bonds previously issued by the township may be submitted describing in general terms the bonds proposed to be ratified and if a majority of the voters present and voting on the question shall vote in favor of such resolution, said bonds shall be deemed to be fully ratified, validated and confirmed and shall thereupon be and become legal and valid obligations of the township as of the date of their original issuance.

"Sec. 3. That the commissioners of highways of the township are hereby authorized in their discretion to issue new bonds for the purpose of refunding and extending the time of payment of any indebtedness evidenced by bonds or coupons thereto attached, which may have been ratified pursuant to the provisions of this act. Such refunding bonds shall not run more than fifteen years from date, shall bear interest not exceeding five per cent per annum and shall be signed by the commissioners of highways and the town clerk." (Hurd's Stat. 1917, p. 2584.)

On August 11, 1917, a petition signed by fifteen legal voters of the town of Bowdre was filed in the office of the town clerk, requesting that a special town meeting be called for the purpose of voting on the proposition to ratify and validate the hard road bonds issued by the town under date of July 1, 1912, amounting to $35,000. In compliance with this petition the town clerk called a special town meeting to be held September 1, 1917, at which a resolution was adopted ratifying and validating the bonds of July 1, 1912, and requesting the highway commissioners to issue refunding bonds to the amount of $10,500 for the purpose of refunding and extending the time of payment of such of the bonds of July 1, 1912, as were then past due. At this meeting a resolution was also adopted directing the highway commissioners to destroy the bonds of April 1, 1914, and in compliance with this resolution the highway commission-

ers destroyed those bonds. Thereafter John M. Worley and twenty-six other tax-payers of the town of Bowdre, who had been objectors and complainants in the other court proceedings above referred to, filed their bill for injunction in the circuit court of Douglas county to restrain the highway commissioners and the town clerk from issuing new bonds of the town of Bowdre and exchanging them for the bonds dated July 1, 1912, and from taking any steps or making any effort to levy a tax upon the property of the complainants for the purpose of paying the principal and interest of the bonds of July 1, 1912, and to restrain the county clerk of Douglas county from extending a tax against the complainants' property for the purpose of paying the principal and interest of the bonds of July 1, 1912, or any bonds that might be issued and exchanged therefor. The defendants to the bill joined in an answer, to which the complainants filed a replication. After a hearing before the chancellor upon a stipulation of facts showing the matters above set forth, a decree was entered dismissing the bill for want of equity. From that decree the complainants in the bill have prosecuted this appeal.

Appellants contend that the legislature was without power to validate, or authorize the voters at a town meeting to validate, the bonds of July 1, 1912. The rule adopted in this State is, that the legislature may by a curative act validate any proceeding which it might have authorized in advance, provided the power be so exercised as not to infringe or divest property rights and vested interests of persons, which are secure against such legislative action. (*Steger* v. *Traveling Men's Building Ass'n*, 208 Ill. 236; *People* v. *Wisconsin Central Railroad Co.* 219 id. 94; *People* v. *City of Rock Island*, 271 id. 412; *People* v. *Militzer*, 272 id. 387; *People* v. *Fifer*, 280 id. 506; *People* v. *Stitt*, 280 id. 553.) Appellants recognize this rule, but contend that when the curative act of June 11, 1917, is applied to validate the bonds of July 1, 1912, it deprives appellants

of vested rights in contravention of the Federal and State
constitutions. In support of this contention it is argued that
the judgment of this court in *People* v. *Worley, supra,* and
the decrees of the circuit court of Douglas county entered
March 14, 1914, and December 20, 1915, were adjudica-
tions that the bonds of July 1, 1912, did not constitute a
legal indebtedness against the town of Bowdre, and that no
taxes could be levied or assessed against their property to
pay the principal or interest of those bonds, and that by vir-
tue of those adjudications appellants obtained vested rights
which could not be divested by the legislature.

The objection most frequently urged in cases similar to
the one at bar, and one which appellants in effect here make,
is, that by the curative act the legislature has invaded the
constitutional province of the judiciary and has attempted
to set aside the force and effect of the judgments and de-
crees of the courts. Where the judgment or decree is based
on the ground of want of authority from the legislature to
issue the bonds in the manner in which they have been is-
sued, it has been uniformly held, so far as our investigation
discloses, that the legislature is not, by reason of such judg-
ment or decree, deprived of the right to pass a curative act
validating such bonds, and that the legislature does not, by
passing the curative act, invade the province of the judiciary
or set aside any judgment or decree of court. (*Utter* v.
*Franklin,* 172 U. S. 416; *Givens* v. *Hillsborough County,*
46 Fla. 502; *Schneck* v. *City of Jeffersonville,* 152 Ind.
204; *Wrought Iron Bridge Co.* v. *Town of Attica,* 119
N. Y. 204.) The former judgment and decrees in which
the validity of the bonds of July 1, 1912, was involved, were
based solely on the ground that the highway commissioners
were without legal authority to issue the bonds. This lack
of authority has been supplied by the curative act and by
the action of the voters of the town at a town meeting, and
the objection to the bonds which existed at the time of the
former judgment and decrees no longer exists. Moreover,

appellants, by virtue of the judgment and decrees rendered in their favor, became vested with no property rights which are divested by the curative act. The judgment of this court and the decrees of the circuit court upon which appellants rely were not final adjudications that the bonds of July 1, 1912, did not constitute a legal indebtedness against the town of Bowdre, for the reason that the bondholders were not parties to any of the suits in which the question of the validity of those bonds arose. Until an adjudication had been made in a suit between the town and the bondholders declaring that the bonds were not valid, the legislature had the right and power, as between the town and the bondholders, to validate those bonds, provided the people of the town gave their assent thereto. The judgment of this court and the decrees of the circuit court were based upon the finding that the bonds did not then constitute an indebtedness against the town, and no tax could therefore be legally levied or assessed to pay the same. While appellants' property thereby became freed from liability for taxes to pay the principal and interest of those bonds so long as the bonds did not constitute an indebtedness against the town, their property did not thereby become freed from liability for taxes to pay the principal and interest of the bonds if the bonds should thereafter become a valid indebtedness against the town.

In principle this case is no different from *City of Lincoln* v. *Harts*, 266 Ill. 405. There, after the completion of the work, an ordinance for street paving by special assessment was, upon objection by certain property owners, held void by this court. A supplemental ordinance was thereafter passed by the city council for the purpose of paying the cost of the improvement and an assessment was levied under the supplemental ordinance, but upon appeal by the same property owners we held that the assessment against their property could not be sustained because the statute conferred no authority to levy a supplemental assessment

where the original ordinance was void. The legislature then passed a curative act providing for the levy, under a supplemental ordinance, of special assessments to pay for completed work where the original ordinance had been declared void. A new assessment was made under a supplemental ordinance against the property of the same persons in whose favor the former decisions had been rendered, and this assessment was sustained. The same contention as is here made, that the curative act invades vested rights and deprives the property owner of defenses that were complete when the act took effect, was made in that case, but we held that the curative act there involved was not subject to the objection urged against it.

The objection that the legislature was without power to validate, or authorize the voters at a town meeting to validate, the bonds of July 1, 1912, cannot be sustained.

It is next urged that the bonds of July 1, 1912, could not be validated because the aggregate of these bonds and of those dated April 1, 1914, exceeds the total amount authorized by law to be issued for road purposes. A sufficient answer to this contention is that the bonds dated April 1, 1914, were never issued or sold, but, on the contrary, their issuance and sale were enjoined by the circuit court of Douglas county, and the bonds were thereafter destroyed in compliance with a resolution adopted by the voters at the special town meeting held September 1, 1917. The bonds dated April 1, 1914, never did and never can constitute an indebtedness against the town of Bowdre and can not be considered in determining the bonded indebtedness of the town.

It is finally contended that the curative act is special and discriminatory, in that it permits the voters of the town to validate bonds at the annual town meeting or at a special town meeting, while the general laws of this State upon the subject require that the question of issuing bonds for the construction of hard roads be submitted to the voters at the

annual town election or at a special town election called for that purpose. The curative act applies to all towns in the same situation and is therefore not special or discriminatory. *People* v. *City of Rock Island, supra; People* v. *Stitt, supra.*

The decree of the circuit court is affirmed.

*Decree affirmed.*