(No. 46110.

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellee.

*Opinion filed November 20, 1973.*

BERNARD CAREY, State's Attorney, of Chicago (SHELDON GARDNER, Chief of Civil Division, and FREDRIC B. WEINSTEIN, Assistant State's Attorney, of counsel), for appellant.

MICHAEL J. MURRAY and KIRKLAND & ELLIS, both of Chicago (THOMAS M. THOMAS and THOMAS F. SCULLY, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, the Board of Education of the City of Chicago, moved to dismiss the complaint in this *quo warranto* action, in which the plaintiff, the State's Attorney of Cook County, challenged the validity of an appropriation of $35,000 in the 1973 budget of the Board. The purpose of the appropriation was to implement Public Act 77—2734, and the complaint asserted that the appropriation was invalid because the statute to be implemented was unconstitutional. The motion to dismiss was granted. The plaintiff appealed and the joint motion of both parties for a direct and expedited appeal to this court under Rule 302(b) was allowed. Ill. Rev. Stat. 1971, ch. 110A, par. 302(b).

The purpose of Public Act 77—2734 is described in its preamble, which recites that although school districts generally throughout the State have been able to select a fiscal year of their choice (Ill. Rev. Stat. 1971, ch. 122, par. 17—1), the Board of Education of the City of Chicago has been required by the General Assembly to use the calendar year as its fiscal year. (Ill. Rev. Stat., 1972 Supp., ch. 122, par. 34—42.) The preamble also states that the Board has been disadvantaged by this requirement, and that "it would be advantageous *** if their fiscal year were to commence on September 1 and end on August 31 of the succeeding calendar year so that their estimates of revenues to be received from the Federal and State governments and other sources could be made with greater accuracy". (Laws of 1972, p. 1914.) The preamble also recites that in order to effect the transition from a calendar year to a fiscal year beginning September 1 and ending August 31, would require the adoption of a transition budget that would cover both the period from

January to September of 1974, and the period from September 1, 1974, to August 31, 1975.

The amendatory act authorized such a budget and provides that thereafter the annual budget of the Board would cover a fiscal year that began on September 1 and ended on August 31. It also provides that a tax levy be made in each year to provide necessary revenue for the months of September through December of each fiscal year, and that a second levy be made to cover the eight-month period from January 1 to August 31 of each fiscal year. The act provides:

"The two levies made for each fiscal year shall not exceed a sum equivalent to the product of the last known assessed valuation of the school district for the calendar year in which each such levy is made multiplied by the maximum percentage or rate of tax which the board and the corporate authorities of the city are authorized by law to levy for such purposes." Ill. Rev. Stat., 1972 Supp., ch. 122, par. 34–54.1.

The first ground upon which the amendatory act is attacked is based upon the last sentence of section 1 of article X of the constitution of 1970, which provides: "The State has the primary responsibility for financing the system of public education". The contention is that the statute invalidly permits the Board "to levy and collect taxes at a rate which generates, out of the pockets of local taxpayers, funds in excess of the amount contributed by the State". The issue thus raised was disposed of by our opinion in *Blase v. State (1973), 55 Ill.2d 94.* There we pointed out that the Constitutional Convention had rejected efforts to require the State to assume responsibility for a fixed percentage of the cost of the State's system of public education, and held that the provision in question stated a goal, and not a mathematical formula.

The second ground of attack is that the amendatory act "is unconstitutional in that it embraces more than one subject in violation of Article IV, Section 8(d) of the 1970 Illinois Constitution". That section provides: "Bills, except bills for appropriations and for the codification, revision or

rearrangement of laws, shall be confined to one subject." The title of the amendatory act is: "An Act to add Sections 34—42.1, 34—42.2 and 34—54.1 to and to amend Sections 34—9, 34—29, 34—42, 34—44, 34—55, 34—73, 34—79 and 34—117 of 'The School Code', approved March 18, 1961, as amended." (Laws of 1972, p. 1914.) With the exception of section 34—117, all of the changes made by the added and amended sections relate to the change in the Board's fiscal year. Section 34—117 was amended to make it optional, rather than mandatory, for the Board to establish and maintain "parental or truant schools". The plaintiff's argument is that these two subjects are incongruous and unrelated, and "By no fair standard can these two subjects be reconciled as being germane to each other".

This argument overlooks the nature of the act which was being amended. The School Code of 1961, like its predecessor, was designed to gather into one statute the provisions relating to the establishment, operation and maintenance of schools. The complete title of the 1961 Act is: "An Act in relation to the establishment, operation and maintenance of public schools, providing for the transportation of and scholarships in institutions of higher learning for students of all schools, and to repeal certain acts herein named". Like its predecessor, its short title is "The School Code". Ill. Rev. Stat. 1959, 1971, ch. 122, par. 1—1.

Amendments to statutes of this kind, including the School Code, have frequently been before the court. (See, *People v. Deatherage (1948), 401 Ill. 25, 43; Co-ordinated Transport, Inc. of Illinois v. Barrett (1952), 412 Ill. 321; City of Evanston v. Wazau (1936), 364 Ill. 198.*) As we stated in *Sangamon County Fair and Agricultural Ass'n v. Stanard (1956), 9 Ill.2d 267, 272-3:* "When the title of the act amended is set forth in the title of the amendatory act, as was here done, any provision which might have been inserted in the original act may be incorporated in the

amendatory act." Provisions concerning "parental schools" were included in the School Code before its amendment (see Ill. Rev. Stat. 1971, ch. 122, par. 34—117) and they did not become "discordant" or "incongruous" because they were included in this amendatory act. *Cf. People ex · rel. Gutknecht v. City of Chicago (1953), 414 Ill. 600.*

In addition to the two primary contentions that have been discussed, a number of subsidiary objections were also raised. The objection that double taxation is permitted because two levies are authorized within a single calendar year cannot be sustained, since each of the permitted levies will provide revenue for a different portion of the year; one for the period from January 1 to August 31, and the other for the period from September 1 to December 31. We do not agree that the amendatory act "is so vague, indefinite and uncertain that it cannot be intelligibly applied by the school officers charged with its execution". No referendum is required to change the fiscal year of a school district, and we are unable to see how any taxpayer is deprived of due process or equal protection by the provisions authorizing the transition from the old calendar budget and tax levy to the new fiscal basis. Nothing in the amendatory act authorizes the Board to operate its schools for less than nine months of each calendar year. Each of the sections amended is set forth in full in the amendatory act. The sections of the School Code that specify the rates at which the levy of taxes for particular purposes is authorized are sections 34—53 (Educational and Building Funds), 34—53.1 (Supplemental Educational Fund Levy Based on Increased Multiplier), 34—57 (Working Cash Fund), 34—58 (Free Text Book Fund), 34—60 (Teachers' Pension Fund) and 34—62 (Playground Fund). The annual rates authorized by these sections are not changed by the amendatory act.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*