(No. 53189.—
(No. 53286.—

RUSSELL G. SCHLENZ *et al.,* Appellees, v. JOHN W. CASTLE, Director of Local Government Affairs, *et al.* (Robert Jasper, Supervisor of Assessments, *et al.,* Appellants).—THE COUNTY OF SHELBY, Appellant, v. THE PROPERTY TAX APPEAL BOARD, Appellee.

*Opinion filed February 20, 1981.—Rehearing denied March 27, 1981.*

Simon, J., took no part.

Dennis P. Ryan, State's Attorney, of Waukegan (Marc P. Seidler, Robert J. Masini and David Weidenfeld, Assistant State's Attorneys, of counsel), for appellants.

Paul E. Hamer, of Northbrook, for appellees.

Jack L. Uretsky, of Chicago, for the *amici curiae* from Du Page County.

Robert S. Cushman and Thomas J. McNulty, of Keck, Mahin & Cate, of Chicago, for *amicus curiae* Commonwealth Edison Company.

E. C. Eberspacher, State's Attorney, of Shelbyville, for appellant.

William J. Scott, Attorney General, of Springfield (Gary D. Kuhar, Assistant Attorney General, of counsel), for appellee.

Jack L. Uretsky, of Chicago, for the *amici curiae* from Du Page County.

Robert S. Cushman and Thomas J. McNulty, of Keck, Mahin & Cate, of Chicago, for *amicus curiae* Commonwealth Edison Company.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

These consolidated cases present the question of the validity of section 318.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 799.1). In cause No. 53189 plaintiffs filed an application for leave to appeal from the order of the circuit court of Lake County entered pursuant to Rule 308(a) (73 Ill. 2d R. 308(a)). The appellate court allowed leave to appeal, reversed the order in part, and affirmed it in part (80 Ill. App. 3d 1131), and we allowed plaintiffs' petition for leave to appeal. In cause No. 53286 the defendant Property Tax Appeal Board

appealed from the judgment of the circuit court of Shelby County entered in the action brought by the County of Shelby for administrative review of the Property Tax Appeal Board's decision holding certain assessments invalid. The appellate court reversed (81 Ill. App. 3d 327), and we allowed the county's petition for leave to appeal. The causes were ordered consolidated for argument and opinion.

Cause No. 53189 is another in a series of actions involving the alleged failure of the appropriate officials to equalize real property assessments in this State. See, *e.g., Hamer v. Kirk* (1978), 57 Ill. App. 3d 335; *Hamer v. Kirk* (1976), 65 Ill. 2d 211; *Hamer v. Kirk* (1976), 64 Ill. 2d 434; *Hamer v. Lehnhausen* (1975), 60 Ill. 2d 400; *Hamer v. Mahin* (1973), 13 Ill. App. 3d 51; *Hamer v. Mahin* (1970), 47 Ill. 2d 252; *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360.

In their two-count first amended complaint filed in the circuit court of Lake County, plaintiffs Russell G. Schlenz and Nancy A. Schlenz named as defendants the Director of the Department of Local Government Affairs, the supervisor of assessments of Lake County, the Lake County board of review and certain Lake County township assessors. In count I plaintiffs, purporting to act as representatives of a class, sought, *inter alia,* an order declaring that a specified procedure utilizing "sales ratio studies" for assessment and equalization of realty be made applicable statewide for 1977 and subsequent tax years. Plaintiffs also sought an order declaring that the defendants must comply with applicable provisions of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 482 *et seq.*) for 1977 and subsequent tax years. In count II plaintiffs sought injunctive relief to enforce the declarations prayed in count I of the complaint.

A "Supplemental Complaint" was filed "attacking the method of distributing state grants-in-aid" (see *Hamer v.*

*Dixon* (1978), 61 Ill. App. 3d 30), and the first amended complaint was further amended seeking to challenge the tax-exempt status of certain property in Lake County.

Citing *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, plaintiffs filed a motion for partial summary judgment alleging that "there is no genuine issue as to any material fact relative to the failure of the defendants *** to publish the real estate assessment lists for the 1977 tax year in Lake County until after December 15, 1977, except in Shields Township." Plaintiffs also moved for a determination of their class as consisting of "all persons or entities owning improved real property used for single family residential purposes subject to taxation in the State of Illinois for the 1977 tax year and subsequent tax years." Defendants filed a motion to deny, and an "objection to the motion" for determination of the class. The circuit court denied plaintiffs' motion for partial summary judgment and allowed defendants' motion and objection opposing the class certification. Pursuant to Supreme Court Rule 308(a) (73 Ill. 2d R. 308(a)) the circuit court certified the issues of the propriety of a class action and the constitutionality of the statute.

The appellate court affirmed that portion of the order which denied class certification, held that section 318.1 was unconstitutional as an attempt to validate a void tax and as violative of the principle of the separation of powers (see Ill. Const. 1970, art. II, sec. 1), and remanded the cause for a determination of the existence of a subclass. 80 Ill. App. 3d 1131, 1133-35; see Ill. Rev. Stat. 1979, ch. 110, par. 57.3(b).

In cause No. 53286, the record shows that appropriate officials in Shelby County began a complete reassessment of real estate for tax purposes for the 1976 nonquadrennial tax year. Although the statute provided that it must be published by July 10, 1976, the supervisor of assessments did not publish the list of changes of assessment

until December 7, 1976. In addition to the publication, individual notices of assessment changes were mailed. Thereafter, over 3,500 complaints were filed by taxpayers with the Shelby County board of review challenging the increased assessments. After the board of review entered its decisions in the cases, many of the taxpayers appealed to the Property Tax Appeal Board (see Ill. Rev. Stat. 1975, ch. 120, par. 592.1), which, after hearing, entered its order holding the assessments invalid. On administrative review the circuit court reversed the findings of the Board, noting in part that section 318.1 was "a validating act making legal and effective all assessments *** irrespective of a failure to make a timely publication." On appeal, the appellate court reversed, finding "that the purporting validating statute at issue here likewise seeks to overrule retroactively the decision of the Supreme Court in *Andrews*" and that "Once the court had explicated the mandatory nature of timely publication in *Andrews*, the explication became, in effect, a part of the statute until the General Assembly changed it." *County of Shelby v. Illinois Property Tax Appeal Board* (1980), 81 Ill. App. 3d 327, 329-30; see *Roth v. Yackley* (1979), 77 Ill. 2d 423.

We consider first the question whether in .cause No. 53189 the appellate court erred in affirming the circuit court's denial of certification of a class. The plaintiffs contend that because of the failure to equalize property according to law "the [Director of Local Government Affairs] had to place a higher equalization factor on [Lake County] in order to bring the aggregate assessments up to a statutory level." As a result, they argue, the allegations concerning inter-county equalization were sufficient to "maintain the action as a class action on a state-wide basis." Furthermore, plaintiffs contend that this case is not a "friendly or collusive suit," that they do not "have interests which are antagonistic to the remainder of the class," and that even assuming so, "the problem can be

resolved by the creation of sub-classes with respect to a particular issue." In response, it is contended by the defendants supervisor of assessments and board of review that, since this case involves a "total inability" to proceed as a class action, the appellate court's order of remandment "appears to serve no purpose."

Section 57.2 of the Civil Practice Act provides, in part, that a class action may be maintained if the court finds that there are questions of law or fact common to the class which predominate over those affecting only individual members, that the representative parties will fairly and adequately protect the interest of the class, and that the class action is an appropriate method for the fair and efficient adjudication of the controversy. (Ill. Rev. Stat. 1979, ch. 110, par. 57.2.) This court has held that the question whether to certify a purported class is a matter within the sound discretion of the circuit court, and will be reversed only upon a showing of a clear abuse of discretion or the application of impermissible legal criteria. *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 464; see also *Califano v. Yamasaki* (1979), 442 U.S. 682, 702-03, 61 L. Ed. 2d 176, 193, 99 S. Ct. 2545, 2558.

In denying class certification, the circuit court found that except for the fact that the alleged class was numerous the requirements of section 57.2 were lacking. The court noted in ruling on the question whether the plaintiffs were adequate class representatives that plaintiff Nancy Schlenz had at one time been Mr. Hamer's (plaintiffs' counsel) secretary; "that she has not read the pleadings filed in this case"; "that also she has very little knowledge about the tax assessment and collection procedures in the State of Illinois"; and that "it's apparent that the real party in interest, the real instigator of the lawsuit, is Mr. Hamer, and that the naming of Mr. and Mrs. Schlenz as class representatives is just a mode of convenience and a bit of subterfuge." See *Hamer v. Board of Education*

(1977), 52 Ill. App. 3d 531, 537.

While Hamer is not a named plaintiff in this case, the record shows the type of relationship between the class representatives and the attorney which calls into question the adequacy of plaintiffs' representation of the purported class. Class certification has frequently been denied because of the personal or business relationships between named class representatives and nonplaintiff class attorneys. (*Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226; *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583; *Susman v. Lincoln American Corp.* (7th Cir. 1977), 561 F.2d 86; *Charal v. Andes* (E.D. Pa. 1979), 81 F.R.D. 99; compare *Sweet v. Bermingham* (S.D.N.Y. 1975), 65 F.R.D. 551.) We conclude that the circuit court did not abuse its discretion in determining that the plaintiffs were inadequate class representatives in this case and in refusing to certify the purported class.

We find no error in the decision of the appellate court to remand the cause for a determination of whether a subclass may be found to exist. The record shows that only incidental reference was made and consideration given by the parties and the circuit court to the question of the existence of a subclass. (See Ill. Rev. Stat. 1979, ch. 110, par. 57.3(b); *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 342.) We have also considered the other contentions of the parties with respect to the issue of class certification and find them to be without merit.

We consider next the question of the validity of section 318.1 of the Revenue Act of 1939. (Ill. Rev. Stat. 1979, ch. 120, par. 799.1.) Cause No. 53286 involves the validity of 1976 assessments in Shelby County and cause No. 53189 involves the validity of assessments in Lake County for the 1977 tax year.

Section 103 of the Revenue Act of 1939, as amended and effective for the tax years 1976 and 1977, provided

that the supervisor of assessments "shall publish *** a list of real estate for which assessments have been added or changed since the last preceding assessment, together with the amounts of the assessments on such real estate." (Ill. Rev. Stat. 1975, ch. 120, par. 584.) The publication in cause No. 53286 was required on or before July 10, 1976, while publication in cause No. 53189 was required on or before December 15, 1977. (Ill. Rev. Stat. 1975, ch. 120, par. 584.) It is undisputed that in both instances the publication was later than the statutory dates. In *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, we held that the publication dates in section 103 of the Revenue Act were mandatory and that failure of timely publication is not an "informality or clerical error" within the savings provisions of section 235 of the Revenue Act of 1939, as amended. (Ill. Rev. Stat. 1977, ch. 120, par. 716; 71 Ill. 2d 13, 23-24.) Thereafter, and before either circuit court judgment was entered in these cases, the General Assembly enacted section 318.1, providing:

> "In all cases where real or personal property has been assessed for the purpose of taxation during the year 1978 and all years prior thereto as provided in the 'Revenue Act of 1939', filed May 17, 1939, as amended, except no timely publication of the assessment of real or personal property, or both, was made as provided by Section 103 of said 'Revenue Act of 1939', such assessments of real or personal property, or both, are hereby validated for all purposes of taxation notwithstanding that the publication of the assessments of real or personal property, or both, was not made within the time provided by statute. The extension of taxes on such real or personal property assessments, or both, are made legal and valid for the purposes of collection of taxes notwithstanding that the publication of the assessments of real or personal property, or both, was not made within the time provided by statute." Ill. Rev. Stat. 1979, ch. 120, par. 799.1.

Relying principally upon *People v. Holmstrom* (1956), 8 Ill. 2d 401, the appellants contend that the appellate

court erred in holding the statute unconstitutional. The appellees contend that the statute violates the principle of separation of powers. *Amici curiae* contend that the statute is void because it deprives the objectors of equal protection of the laws, deprives them of property without due process of law, and that the Act in which section 318.1 was contained (Public Act 80—1471) is void because "it is not confined to one subject."

The holdings of the appellate court that section 318.1 violates the principle of separation of powers are based on that court's interpretation of our opinion in *Roth v. Yackley* (1979), 77 Ill. 2d 423. *Roth* involved an amendment to section 10 of the Cannabis Control Act (Ill. Rev. Stat., 1978 Supp., ch. 56½, par. 710) and section 410 of the Illinois Controlled Substances Act. (Ill. Rev. Stat., 1978 Supp., ch. 56½, par. 1410, effective June 30, 1978.) This court had held in *People v. DuMontelle* (1978), 71 Ill. 2d 157, that fines and costs were not reasonable terms and conditions of probation as that term was used in section 10 of the Cannabis Control Act, and that the imposition of fines and costs was therefore not authorized by statute. The amendments authorized the imposition of fines and costs as conditions of probation and further provided:

> "The General Assembly declares that the changes made by this amendatory Act *** are declaratory of existing law and are therefore applicable in relation to events which occurred before the effective date of this amendatory Act. The 'terms and conditions' of probation as specified in this amendatory Act are declared to be reasonable terms and conditions for probation under the affected Sections as those Sections were in effect before the effective date of this amendatory Act." Pub. Act 80—1202, sec. 3, eff. June 30, 1978.

The statute involved in *Roth* is clearly distinguishable from that here involved. The General Assembly did not amend section 103 of the Revenue Act, and section 318.1

does not attempt to attribute to section 103, at the time of our opinion in *Andrews,* a meaning different from that declared in that opinion.

This court has previously considered the question of separation of powers in circumstances similar to those here. In *Worley v. Idleman* (1918), 285 Ill. 214, an election was held to authorize a tax levy and the issuance of bonds for road construction in Douglas County. The election was ruled invalid because of defects in the ballot. (*People ex rel Duncan v. Worley* (1913), 260 Ill. 536.) Subsequently, legislation was enacted providing a method for ratification of the bonds. The ratification was completed and certain taxpayers who had been defendants in the prior case sought to enjoin a planned exchange of bonds. In affirming the validity of the curative statute the court noted:

> "The objection most frequently urged in cases similar to the one at bar, and one which appellants in effect here make, is, that by the curative act the legislature has invaded the constitutional province of the judiciary and has attempted to set aside the force and effect of the judgments and decrees of the courts ***. The judgment of this court and the decrees of the circuit court upon which appellants rely were not final adjudications that the bonds *** did not constitute a legal indebtedness *** for the reason that the bondholders were not parties to any of the suits in which the question of the validity of those bonds arose. Until an adjudication had been made in a suit between the town and the bondholders declaring that the bonds were not valid, the legislature had the right and power, as between the town and the bondholders, to validate those bonds ***." 285 Ill. 214, 220-21.

A similar conclusion was reached in *Steger v. Traveling Men's Building & Loan Association* (1904), 208 Ill. 236,

where this court rejected a separation of powers challenge to a validating statute authorizing acknowledgments of trust deeds which were invalid when executed. The court said: "That is not an exercise of judicial power, since it does not purport to settle suits or controversies, but only gives effect to acknowledgments in a matter under the legislative control." 208 Ill. 236, 242.

The rationale of these cases is applicable here, and we hold that the General Assembly has not usurped judicial authority since it did not purport to direct a construction to be placed on section 103 contrary to our decision in *Andrews.*

We find no merit in appellees' contentions that by the decision in *Andrews* they acquired a vested right of which section 318.1 deprives them without due process. A taxpayer has no vested right in the continued existence of a taxing statute. *In re Application of Skidmore* (1979), 75 Ill. 2d 33; *People ex rel. Harding v. Chicago & Northwestern Ry. Co.* (1930), 340 Ill. 102; *People ex rel. Campe v. Board of Review* (1919), 290 Ill. 467.

In *People v. Holmstrom* (1956), 8 Ill. 2d 401, this court considered a curative statute almost identical to the act at issue. In that case, in an action in debt to recover delinquent personal property taxes for several years in which publication of assessment lists was tardy under section 103, the defendant contended that he had been denied due process. The validating act provided that all the assessments and levies "are validated for all purposes of taxation notwithstanding that the publication of the assessments was not made as provided by statute." (8 Ill. 2d 401, 404.) The taxpayer argued that the validating act itself was void and "that the General Assembly has power to validate by curative act only in the case of irregular or defective exercise of authority and that it cannot, in such manner, make a void proceeding valid." This court upheld the constitutionality of the validating act, noting

that "the legislature has the power to pass an act curing a defect in a tax levy when the defect consists of the failure to observe some requirement of the law without which the legislature might have authorized the levy to be made." 8 Ill. 2d 401, 404-05.

In view of our conclusion that the statute did not violate the principle of separation of powers it is not necessary to further consider the argument of the appellees and *amici* that the court in *Holmstrom* had no occasion to consider the question of separation of powers and that it is therefore distinguishable.

Citing *People ex rel. Ward v. Chicago & Eastern Illinois Ry. Co.* (1936), 365 Ill. 202, *People ex rel. Lord v. Wabash Ry. Co.* (1924), 311 Ill. 579, and *People ex rel. Stevenson v. Illinois Central R.R. Co.* (1923), 310 Ill. 212, *amicus* argues that although the General Assembly "may, by statute, validate the irregular or defective exercise of power where the proceeding sought to be cured was not one of the fundamentals of the powers exercised," it may not "validate acts which are wholly void." Those cases are clearly distinguishable in that in each of them the curative statute purported to validate actions taken without the statutory power to do so. The distinction is best illustrated by the language in *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 548, "The defects of which the plaintiffs complain are essentially procedural irregularities in the assessment process which *** do not establish the lack of authority of the assessor to act." (See, *e.g., Central Illinois Public Service Co. v. Swartz* (1918), 284 Ill. 108.) Here there was no lack of power to make the assessments, and the rationale of *Holmstrom* is clearly applicable.

Although the issue was raised for the first time in the *amicus* briefs, we consider it appropriate to review the question whether Public Act 80—1471 violates article IV, section 8, of the Illinois Constitution in that it is not confined to one subject. (*People ex rel. Peoria Civic Center*

*Authority v. Vonachen* (1975), 62 Ill. 2d 179.) *Amicus* argues that because Public Act 80—1471, in addition to amending section 103 of the Revenue Act of 1939, added sections 19.23—1a and 318.1, the Act deals with more than one subject. We do not agree. The Act amended is the "Revenue Act of 1939," and we find apposite the language in *People ex rel. Carey v. Board of Education* (1973), 55 Ill. 2d 533, when in considering a similar argument directed toward amendments to the School Code this court said:

"This argument overlooks the nature of the act which was being amended. The School Code of 1961, like its predecessor, was designed to gather into one statute the provisions relating to the establishment, operation and maintenance of schools. The complete title of the 1961 Act is: 'An Act in relation to the establishment, operation and maintenance of public schools, providing for the transportation of and scholarships in institutions of higher learning for students of all schools, and to repeal certain acts herein named'. Like its predecessor, its short title is 'The School Code'. Ill. Rev. Stat. 1959, 1971, ch. 122, par. 1—1.

Amendments to statutes of this kind, including the School Code, have frequently been before the court. (See, *People v. Deatherage* (1948), 401 Ill. 25, 43; *Co-ordinated Transport, Inc. of Illinois v. Barrett* (1952), 412 Ill. 321; *City of Evanston v. Wazau* (1936), 364 Ill. 198.) As we stated in *Sangamon County Fair and Agricultural Ass'n v. Stanard* (1956), 9 Ill. 2d 267, 272-3: 'When the title of the act amended is set forth in the title of the amendatory act, as was here done, any provision which might have been inserted in the original act may be incorporated in the amendatory act.' Provisions concerning 'parental schools'

were included in the School Code before its amendment (see Ill. Rev. Stat. 1971, ch. 122, par. 34—117) and they did not become 'discordant' or 'incongruous' because they were included in this amendatory act. *Cf. People ex rel. Gutknecht v. City of Chicago* (1953), 414 Ill. 600." 55 Ill. 2d 533, 536-37.

In their brief plaintiffs Schlenz argue several issues which are not presented in their interlocutory appeal, and the briefs of *amici* attempt to raise several issues which are not appropriately considered on this record. We do not therefore further consider them.

For the reasons stated, the judgment in cause No. 53189 is reversed insofar as it holds invalid the real estate assessments because of failure to give timely notice and is affirmed insofar as it remands the cause to the circuit court of Lake County to determine whether an appropriate subclass of plaintiffs can be shown to exist. The judgment of the appellate court in cause No. 53286 is reversed, and the judgment of the circuit court is affirmed.

> *53189 — Affirmed in part and reversed in part and remanded.*
> *53286 — Appellate court reversed; circuit court affirmed.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.