(No. 22542.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* THE ILLINOIS WOMEN'S ATHLETIC CLUB *et al.* Defendants in Error.

*Opinion filed June 14, 1935.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, BRENDAN Q. O'BRIEN, and WILLIAM P. KEARNEY, of counsel,) for plaintiff in error.

VERNON R. LOUCKS, and A. J. HENNINGS, for defendants in error.

Mr. JUSTICE ORR delivered the opinion of the court:

In a suit in chancery begun in 1932 in the superior court of Cook county on behalf of the board of county commissioners, a decree was entered materially reducing the assessed valuation of certain real estate in Chicago owned by the Illinois Women's Athletic Club. The decree directed the payment of the reduced taxes for the years 1928, 1929 and 1930, and provided for the appointment of a receiver upon failure of payment within ten days. By this writ of error a reversal of the action of the lower court is sought on several grounds, chief of which is lack of jurisdiction.

The bill of complaint was filed prior to the enactment of the so-called Skarda act and was one of several hundred similar suits authorized by the board of county commissioners of Cook county. Among other things, it set forth that the board was charged by law with the duty of collecting the general taxes for all taxing bodies within Cook county; that the ordinary proceedings and remedies in the county court for the collection of taxes were unavailable on account of the unusual economic conditions then existing, and that the public necessity for the immediate collection of taxes to support the various agencies of government required the use of any remedy available under the common law or statutes, and that it was the duty of the board "to invoke the sovereign power of the State under common law for the collection of said delinquent taxes on the broad ground of public policy, in order to insure and guarantee the continuance of the functions of both State and municipal government, and the preservation of the State itself," etc. The prayer of the bill, among other things, asked "that the amount of the taxes legally and equitably due on the property herein described and for the years stated may be expressly adjudicated, fixed and determined by the decree of this court, that the defendants may be ruled to pay the amounts so fixed within a time limited by the court and that in default thereof a receiver

may be appointed," etc. The cause was referred to a master in chancery, whose findings and recommendations, adopted by the court, resulted in a reduction of assessment on the property in question which reflected a decrease in the taxes for the three years from $140,597.78 to $76,255.27. The decree did not find any fraud in the assessment or that defendant had gone to the board of review for its correction, although it did find that the assessment was incorrectly made by the board of assessors through its mistake in applying an incorrect cubical content in assessing the building.

The superior court was entirely without jurisdiction of the subject matter and also without jurisdiction to enter the decree complained of in this case. No common law authority to make assessments or re-assessments of property exists in any court of this State. The method and procedure are entirely statutory. (*Kinderman* v. *Harding,* 345 Ill. 237; *People* v. *Hart,* 332 id. 467; *People* v. *Sweitzer,* 339 id. 28; *People* v. *Millard,* 307 id. 556.) The persons elected or appointed, pursuant to section 1 of article 9 of the constitution, to ascertain the value of property for taxation are exclusively invested with that power and courts may not exercise it. (*Jeffery Building Corp.* v. *Harding,* 347 Ill. 336; *Hettler Lumber Co.* v. *Cook County,* 336 id. 645.) No statute existed at the time the present suit was filed which would authorize any court to appoint a receiver to collect taxes. Taxes can be levied, assessed and collected only in the mode expressly pointed out by statute. (*People* v. *Sears,* 344 Ill. 189.) Relief cannot be granted by courts from alleged excessive or discriminatory assessments where the complainants have failed to pursue their statutory remedy before the board of review. (*Bistor* v. *McDonough,* 348 Ill. 624; *People* v. *Besley & Co.* 353 id. 472.) The fact that the suit was instituted in the name of the People, on behalf of the county commissioners of Cook county, makes no difference, as public policy forbids the application

580

of the doctrine of estoppel to a sovereign State where the public revenues are involved. (*People* v. *Brown,* 67 Ill. 435; *People* v. *Union Elevated Railroad Co.* 269 id. 212; 10 R. C. L. p. 707; *People* v. *Woods,* 354 Ill. 224.) This is especially true where the jurisdiction of the trial court is attacked, as that question may be raised at any time, even upon the initiative of the reviewing court. *O'Shea* v. *Farrelly,* 302 Ill. 126; *City of Aurora* v. *Schoeberlein,* 230 id. 496; *Village of Glencoe* v. *Industrial Com.* 354 id. 190.

The decree is reversed.

*Decree reversed.*