(No. 41423.—■■■■■■■■)

THE PEOPLE *ex rel.* Maurice F. Joseph, County Collector, Appellant, *vs.* BERNARD F. SCHOENBORN, Appellee.

*Opinion filed November 22, 1968.*

JOHN M. KARNS, JR., State's Attorney, and EUGENE H. WIDMAN, Assistant State's Attorney, both of Belleville, for appellant.

BERNARD F. SCHEONBORN, *pro se.*

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the circuit court of St. Clair County, sustaining the objections of the taxpayer, Bernard F. Schoenborn, to the assessment and tax on his real estate.

The County Collector filed his application for judgment and sale of lands for delinquent taxes for the year 1963. Taxpayer Schoenborn filed objections alleging that the assessment on his property was due to fraud, accident or mistake, and was excessive, unjust, unreasonable and oppressive.

At the hearing, a witness for the Collector testified that the property was assessed at $1,197 for the lot and $9,205 for the house, or a total of $10,402 and that this was a fair assessment considering all factors involved.

The objecting taxpayer offered the only evidence in his behalf, testifying that the building was insured for $13,000, that the original mortgage on the property was $12,000, and that in 1960 he paid about $8,700 for the shell and completed the house himself with about $2,700 in materials. In conclusion he stated: "I wouldn't think I could get more than $15,000 for it."

At the conclusion of the hearing the trial court found that the taxes of $396.84 levied and extended against the property were excessive, ordered that the tax to be extended is $259.88, and ordered a refund of $136.96. The Collector appeals to this court, the revenue being directly involved.

The principles governing relief from excessive assess-

ments are well settled. The court stated in *People ex rel. Nordlund* v. *S.B.A. Co.,* 34 Ill.2d 373, 376:

"We have consistently held that the taxation of property is a legislative rather than a judicial function, and under section 1 of article IX of the Illinois constitution, the courts, in the absence of fraud, have no power to review or determine the value of property fixed for purposes of taxation by the appropriate elected or appointed administrative officers. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477; *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.,* 8 Ill.2d 66; *People ex rel. Tedrick* v. *Allied Oil Corporation,* 388 Ill. 219; *Spencer & Gardner* v. *People,* 68 Ill. 510.

"We know of no authority, and none has been cited to us, which suggests that it is a deprivation of due process to attribute such finality to administrative determination of assessments where there is a clear method for the taxpayer to attack an assessment on the basis of actual or constructive fraud. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477, 479; *People ex rel. Rhodes* v. *Turk,* 391 Ill. 424."

The guidelines for establishing constructive fraud were set forth in *People ex rel. Frantz* v. *M. D. B. K. W., Inc.,* 36 Ill.2d 209, 211:

"The law requires assessment of property at its fair market value. The ascertainment of such value for purposes of taxation is primarily for the administrative officers to whom this function is delegated, and except for cases of fraud, courts will not undertake to review the determination. When valuation has been fraudulently made it is subject to judicial review, but more is required for this purpose than merely showing an overvaluation. It is only where the property has been grossly overvalued, the assessed valuation being reached under circumstances showing either lack of knowledge of known values or a deliberate fixing of values contrary to the known value, that fraud in law will be inferred. Before the conduct of the taxing

authorities will be considered constructive fraud, the evidence must clearly establish that the assessment was made in ignorance of the value of the property, or on a judgment not based upon readily ascertainable facts, or on a designedly excessive basis. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477; *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.,* 8 Ill.2d 66; *People ex rel. Rhodes* v. *Turk,* 391 Ill. 424.

"It has often been held that an assessment of property for taxation cannot be impeached by any mere difference of opinion as to its value between the assessing officers and the court. (*People ex rel. Tedrick* v. *Allied Oil Corp.,* 388 Ill. 219.) If property has been assessed higher than it should have been through a mere error of judgment on the part of the officers making the valuation, the courts are powerless to rectify the error. They can relieve only against fraud. *People ex rel. Schmulbach* v. *City of St. St. Louis,* 408 Ill. 491, 500."

Set against these standards the record in this case is devoid of any evidence of constructive fraud and the trial court improperly substituted its opinion of value for that of the taxing authorities. Because of the view we have taken, it is unnecessary for us to determine if the record sufficiently shows the taxpayer had exhausted his administrative remedies. *Cf. People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477.

The order of the circuit court is reversed.

*Order reversed.*