Paul E. HAMER and June T. Hamer in their own behalf and as class representatives, Plaintiffs,

v.

Jack L. ANDERSON, County Treasurer and ex-officio County Collector of Lake County, Illinois, in his own behalf and as representative of all Illinois' County Treasurers and County Collectors, and Lake County, Illinois, in its own behalf and as representatives of all Illinois Counties, Defendants.

No. 79 C 3627.

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1984.

Jack Uretsky, Chicago, Ill., for plaintiffs.

James Bakk, Asst. State's Atty., Waukegan, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Plaintiffs Paul E. and June T. Hamer ("the Hamers") sued Jack L. Anderson, the Treasurer of Lake County, Illinois, and Lake County ("defendants") pursuant to 42 U.S.C. § 1983. Hamer claims that defend-

ants withheld wrongfully collected real property taxes without the payment of interest. Presently before the Court are the Hamers' motion for partial summary judgment and defendants' cross-motion for summary judgment.[1] For reasons set forth below, the Hamers' motion is denied, and defendants' motion is granted.

### Facts

The Hamers own a home in Lake County, Illinois, and have paid property taxes upon it under protest since 1961. They have followed Illinois statutory procedures complaining of their tax assessments by first appealing their tax assessments for each year to the Lake County Board of Review. The Hamers subsequently paid their taxes in full and filed tax objections pursuant to Ill.Rev.Stat. ch. 120, §§ 675, 716. The Circuit Court of Lake County dismissed objections for tax years 1960, 1962 and 1965 and held a trial concerning the remaining years in 1978. The Hamers were awarded $5,042.06 as a refund for taxes paid during the years in question. They were not, however, awarded interest on this sum.[2]

According to the Hamers, requiring them to pay illegal or improper real property taxes, refunding the taxes only after several years and refusing to pay interest on such refunds deprives them of property without due process of law, in violation of 42 U.S.C. § 1983. They seek declaratory and injunctive relief, as well as an accounting.

In considering motions for summary judgment, we emphasize that the party moving for summary judgment has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in his or her favor. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979);

any doubts as to the existence of material issues of fact must be resolved against the moving party. *Moutoux v. Gulling Auto Electric, Inc.,* 295 F.2d 573, 576 (7th Cir. 1961). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence presented, *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Cross-motions for summary judgment must be considered on an individual and separate basis, and both motions must be denied if there exists a genuine issue of material fact. 10A C. Wright & A. Miller, *Federal Practice and Procedure* § 2720 (2d ed. 1983).

### Subject Matter Jurisdiction

As an initial matter, defendants assert that this Court lacks subject matter jurisdiction over the instant matter, under both the Tax Injunction Act, 28 U.S.C. § 1341, as well as principles of federalism and comity. These two grounds, while somewhat similar, are separate bases for dismissal of a complaint, and we must consider each. *See Werch v. City of Berlin,* 673 F.2d 192, 194 (7th Cir.1982).

### 28 U.S.C. § 1341

The Tax Injunction Act provides that [t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. This statute bars a taxpayer from contesting the validity of a state tax in a section 1983 injunction action if there is a "plain, speedy and efficient" state remedy available. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). In *Rose-*

---

1. Our ruling on defendants' motion for summary judgment renders unnecessary a ruling on the Hamers' motion for class certification.

2. The parties have stipulated that Lake County has paid no interest upon any tax refund since August 31, 1974. The Illinois Revenue Act was amended to provide for payment of interest on

a court ordered tax refunds. Ill.Rev.Stat. ch. 120, § 675. A subsequent amendment provides for payment of 5% interest on refunds ordered by courts or by the Illinois Property Tax Appeal Board for taxes payable in 1984 and later years. Ill.Rev.Stat. ch. 120, § 675.

*well,* the Court held that an Illinois remedy which required property owners contesting their property taxes to pay under protest and if successful obtain a refund without interest in two years was "a plain, speedy and efficient remedy" within the meaning of the Tax Injunction Act. *Id.* at 528, 101 S.Ct. at 1237.

■ "Plain, speedy and efficient" has been interpreted to require a state court remedy that meets certain minimal procedural criteria, *id.* at 512, 101 S.Ct. at 1229; *Schneider Transport, Inc. v. Cattanach,* 657 F.2d 128, 133 (7th Cir.1981), *cert. denied,* 455 U.S. 909, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982). Thus, the failure to pay interest on tax refunds did not render the Illinois remedy inefficient. As the Court observed

> respondent's argument—that Illinois' failure to pay interest on the tax refund makes the remedy not "plain, speedy and efficient"—appears to address a more substantive concern. Whether she has any "federal right" to receive interest—a right she has not asserted and on which we express no view—it would appear that she could assert this right in the state-court proceeding.

*Id.* 450 U.S. at 515, 101 S.Ct. at 1230.

The Supreme Court in *Rosewell* went on to consider whether the Illinois state court procedures were "speedy." Respondent had alleged that the customary delay from the time of payment until the receipt of refund was two years, but the Court held that the two-year delay did not fall outside the boundary of a "speedy" remedy.

Other courts have discussed the additional aspects of § 1341. In *Alcan Aluminium v. Department of Revenue of the State of Oregon,* 724 F.2d 1294 (7th Cir. 1984), the Seventh Circuit recently held that § 1341 does not apply where there is uncertainty as to the adequacy of a state remedy. In *Alcan,* the Court emphasized that appellant, a corporation, might not have had a remedy in the state courts. *See also Hillsborough v. Cromwell,* 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946) (federal jurisdiction would lie because it was

speculative whether New Jersey courts followed a rule of federal constitutional law and because judicial review of the State Board of Tax Appeals was discretionary).

■ However, the existence of unfavorable state court precedent on a federal question alone will not render the Tax Injunction Act inapplicable. *Carrier Corp. v. Perez,* 677 F.2d 162, 166 (1st Cir.1982). As the Court observed in *Huber Pontiac v. Whitler,* 585 F.2d 817 (7th Cir.1978), even if a taxpayer were faced with dispositive state court precedent which would render its state court challenge futile, he or she could ultimately obtain review from the United States Supreme Court. Thus, mere futility of state court proceedings will not override the jurisdictional bar of § 1341. *Id.* at 821.

In the instant case, the Hamers have pled that Illinois does not provide a "plain, speedy and efficient" remedy for the nonpayment of interest on tax refunds. They add that Illinois courts do not recognize a federal right to interest upon tax refunds, and that seeking relief in the Illinois courts would be futile. Moreover, the Illinois remedies are not "speedy" according to the Hamers, since their 1978 judgment "was 17 years in the making." Defendants assert that the Hamer's futility argument cannot overcome the Tax Injunction Act. They also claim that the Hamers have not sufficiently pled that Illinois state court procedures are not "speedy," since the average time of disposition for the Hamers' tax objection cases for the past five years is less than two years.

■ We need not decide whether Illinois recognizes a federal right to interest. As the Supreme Court observed in *Rosewell,* such a right could be asserted in state court proceedings. 450 U.S. at 515, 101 S.Ct. at 1230. The Illinois state court refund procedure, moreover, provides the Hamers with a full hearing and judicial determination at which they could raise any constitutional objections to the tax. And since appeal to higher Illinois courts is authorized, Ill.Rev.Stat. ch. 120, § 675, as

well as review by the Supreme Court, 28 U.S.C. § 1257, the instant case is distinguishable from *Hillsborough*, where appeal to higher state courts was discretionary.

It is indeed true that under Illinois law, taxpayers are not entitled to receive interest on tax refunds. *First National Bank & Trust Co. v. Rosewell*, 93 Ill.2d 388, 67 Ill.Dec. 87, 91, 444 N.E.2d 126, 130 (1982), *cert. denied*, — U.S. —, 104 S.Ct. 50, 78 L.Ed.2d 70 (1983); *Clarendon Associates v. Korzen*, 56 Ill.2d 101, 109, 306 N.E.2d 299, 303 (1973). *Cf. Shell Oil Co. v. Department of Revenue*, 95 Ill.2d 541, 70 Ill.Dec. 191, 449 N.E.2d 65 (1983) (interest income earned on erroneously assessed taxes paid by court order and held in trust by State Treasurer awarded to the taxpayers). While Illinois courts might also refuse to recognize a federal right to interest, review of any such state court decisions by the United States Supreme Court would remain open. The Hamers could thus raise their federal claims, and their futility argument is therefore meritless. *Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 821 (7th Cir.1978).

The Hamers also claim that the Illinois state court procedures denied them a "speedy" remedy, since it took as long as seventeen years for them to receive a refund. Defendants challenge the factual basis of the Hamers' jurisdictional allegations, asserting that within the past five years, the average time of disposition for the Hamers' tax objection cases is less than two years. When a party raises a factual issue concerning a court's subject matter jurisdiction, the court may look beyond the complaint's jurisdictional allegations and view any evidence submitted on this issue. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). The Hamers, as the parties invoking jurisdiction, have the burden of supporting the allegations of jurisdictional facts. *Id.* They have not done so in this matter.

■ The five years prior to the filing of the Hamers' complaint is the relevant time period, since claims arising prior to that time are barred by the relevant statute of limitations, Ill.Rev.Stat. ch. 110, § 13–205.[3] With respect to this period, defendants have presented evidence that the cases were disposed of in an average period of less than two years. We must again turn to *Rosewell*, where the Supreme Court held that a delay of two years between the time the taxpayer pays the tax under protest and receipt of the refund did not fall outside the boundary of a "speedy" remedy. 450 U.S. at 521, 101 S.Ct. at 1233. As the Court observed, Congress never suggested, in the Tax Injunction Act, that the state remedy be the speediest remedy. 450 U.S. at 520, 101 S.Ct. at 1233. We decline to hold that the delay in the present case, between the filing of the Hamers' tax objection cases and their disposition, which the Hamers have not controverted, falls outside the boundary of a "speedy" remedy under the Tax Injunction Act. The Hamers have not met their burden of demonstrating the existence of jurisdictional facts indicating that the state remedies are not "speedy" for purposes of the Tax Injunction Act.

For the aforementioned reasons, the Hamers' motion for partial summary judgment is denied. Defendants' motion for

---

**3.** In civil rights actions, the relevant limitations period is that which would govern the most analogous state cause of action. *Beard v. Robinson*, 563 F.2d 331, 334 (7th Cir.1977). We believe that the five year limitations period in Ill.Rev.Stat. ch. 110, § 13–205 applies to this matter. Section 13–205 provides that

actions ... to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued. The Hamers filed their complaint in September of 1979, and their causes of action accrued when they paid excessive taxes. Therefore, interest claims relating to tax objection cases filed prior to September 1974 are barred by § 13–

summary judgment is granted.[4] It is so ordered.

---

205. *North American Cold Storage Co. v. County of Cook,* 468 F.Supp. 424, 427 (N.D.Ill.1979).

4. As further support for their motion, defendants claim that principles of comity and federalism dictate that we abstain from exercising jurisdiction over the Hamers' claims, since they allegedly present a dispute over procedures used in the collection of local taxes, inquiry into which would intrude upon the Illinois property tax system. According to *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), taxpayers are barred by the principle of comity from asserting § 1983 damages and declaratory relief actions against the validity of state tax systems in federal courts. Taxpayers must turn to state remedies for protection of their federal rights, provided the state remedies are "plain, adequate and complete." *Id.* at 116, 102 S.Ct. at 186. "Plain, adequate and complete" remedies under the comity doctrine are equivalent to

"plain, speedy and efficient" remedies under the Tax Injunction Act. *Id.* at 116 n. 8, 102 S.Ct. at 186 n. 8.

The Hamers insist that the fact that neither interest nor attorneys' fees are recoverable in an Illinois action, the state remedies are not "adequate" nor "complete." We disagree. We have already determined that the Illinois remedies available to the Hamers are "plain, speedy and efficient"; the remedies are thus also "plain, adequate and complete." *Id.* The failure to award interest or attorneys' fees in state proceedings does not render the state remedies inadequate or incomplete. *North American Cold Storage v. County of Cook,* No. 78 C 3533 (N.D.Ill. December 13, 1983). If there exists a federal right to attorneys' fees and interest, that right must be asserted in state court. *Id.* Accordingly, principles of comity and federalism provide yet another basis in support of our holding.