LESLIE MATHERS *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF MA-
SON *et al.*, Defendants-Appellees.

Fourth District No. 4—91—0963

Opinion filed August 13, 1992.

Charles L. McNeil, of McNeil & McNeil, of Mason City, for appellants.

Karen L. Kendall, Bradley S. McMillan, Timothy L. Bertschy, and James M. Voelker, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

JUSTICE LUND delivered the opinion of the court:

This is an appeal by plaintiffs from an order of the circuit court of Mason County, dismissing counts I and II of a four-count complaint. Count IV was previously dismissed and summary judgment, as we later explain, was previously entered in plaintiffs' behalf.

This cause of action relates to what plaintiffs consider to be an unjustified increase in 1985 of the assessed value of their farmland in Mason County (County). Two specific objections are made: (1) the Mason County supervisor of assessments (Supervisor of Assessments) deleted the statement on the assessment notices advising of the right to seek review of the assessment before the Mason County board of review (Board of Review); and (2) the proper soil productivity indexes were not used in determining assessed valuation.

The three counts remaining, after various motions to dismiss all counts, contained the same first 24 paragraphs. The first 13 paragraphs alleged: plaintiffs' ownership of farmland in Mason County; defendant Robert M. Pietrazak's position of Supervisor of Assessments and his duties to equalize assessments; the 10% limitation on changing farmland assessment during one year; the 1985 assessment increases; the required use of productivity indexes; the mailing of two informational statements, along with the notices of increased assessments; the absence of notice of rights to review of the assessments; the marking out of the review rights; and the causing of the real estate taxes to be entered on the increased assessed valuation.

Paragraph Nos. 14 and 15 allege plaintiffs either paid the taxes based on the increased valuation outright or under protest, and that they have demanded Pietrazak reassess their farmland.

Paragraph Nos. 16 and 17 allege the State-ordered equalizing factor was erroneously applied to all of the land, and that plaintiffs have been required to pay an excessive amount of property tax.

Paragraph No. 18 asks for reassessment.

Paragraph Nos. 19, 20, and 21 provide as follows:

"19. Defendant, Robert M. Pietrazak, as the Mason County, Illinois, Supervisor of Assessments, repeatedly stated to various taxpayers and Plaintiffs that no relief or review or any other remedy from the said increased assessment was available to any taxpayer.

20. Due to the representations of the Defendant, Robert M. Pietrazak, and further due to the complexities of administrative review, confusing statutory language of Ill. Rev. Stat. 1983, Ch. 120, Plaintiffs should be excused from any requirement of exhaustion of administrative remedies or otherwise pursing [sic] any other remedy.

21. Plaintiffs' [sic] caused to be filed a Complaint within a short time after said assessments were made and before Plaintiffs' [sic] received any tax bill based on said assessment and therefore they should not be required to have taken any other action to contest or object to said assessment or tax."

Paragraph Nos. 22 and 23 allege necessity of notices, insurance coverage by the County, lack of immunity, duties of the Supervisor of Assessments, and the County's duty to supervise appointed officials, employees, and agents.

Paragraph No. 24 incorporates, by attachment, a schedule of land soil classes used by the County in assessing farm real estate.

The balance of count I basically alleges that there was improper assignment of productivity index numbers to soil types, resulting in excessive assessments. Damages were requested.

Count II, after paragraph Nos. 1 through 24, basically alleges improper use of productivity indexes, failure to use proper soil classifications, failure to consider irrigated lands, failure to follow Department of Revenue guidelines, and no advisement of the right to file a complaint with the Board of Review.

Count III, after paragraph Nos. 1 through 24, rehashed the allegation of improper assessment and the obliteration of printed review rights that are required to be on assessment notices.

*Interestingly, there is no specific allegation in the three counts that any plaintiff failed to pursue the review rights before the Board of Review because of the obliteration of notice.*

### TRIAL COURT'S SUMMARY JUDGMENT

On April 27, 1989, the trial judge (who subsequently retired) granted summary judgment to plaintiffs, based upon the allegations of

count III relating to "deleting the portion of the form which advised taxpayers of their right to file a complaint with the Board of Review." Summary judgment was denied as to counts I and II. The court ordered as follows:

> "It is therefor[e] adjudged that The Supervisor of Assessments of Mason County issue to plaintiffs a proper notice of assessment change for 1985 with a proper notice of administrative remedies all in accordance with the appropriate Statute. Further it is adjudged that the County of Mason convene a Board of Review to pass upon any complaints filed by Plaintiffs in accordance with the appropriate statute. Further it is adjudged that Plaintiffs may pursue their statutory remedies based upon the new notice ordered herein and Plaintiffs' [sic] shall recover costs of suit from defendant County of Mason in so far [sic] as Plaintiffs have incurred costs concerning Count III of the Second Amended Complaint."

There was compliance with the court's order, new notices given, Board of Review consideration, and review before the State Property Tax Appeal Board (PTAB). The 1985 assessment changes were upheld. Administrative review of the decision of the PTAB is now in process in another case.

On August 5, 1991, the defendants moved to dismiss with prejudice, arguing failure to use administrative remedies and citing *Schlenz v. Castle* (1986), 115 Ill. 2d 135, 142, 503 N.E.2d 241, 244. On October 7, 1991, the new trial judge granted the motion to dismiss with prejudice, stating that there had been no appeal from the summary judgment as to count III, and plaintiffs were effectively afforded their administrative review. A subsequent motion for reconsideration was denied, and this appeal resulted.

## ASSESSMENT CORRECTIONS

■■ There are two procedures for correction of improper assessments of real estate. Both initially require the filing of a complaint with the supervisor of assessments, requesting a correction by the board of review. If relief is not granted by the time tax payments are due, the real estate taxes resulting from the contested valuation are to be paid under protest. See section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 675).

For practical purposes, withholding of the payment of taxes cannot be allowed, because necessary funds could be withheld from education, fire protection, police protection, and other necessary governmental functions.

■ There are two methods of review from unfavorable actions of the board of review. One requires an appeal to the PTAB. (Ill. Rev. Stat. 1985, ch. 120, pars. 592.1 through 592.6.) A review of the decision of the PTAB comes under the Administrative Review Law (see Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). Ill. Rev. Stat. 1985, ch. 120, par. 592.4.

The other method of review begins with a complaint before the board of review, followed by taxes paid under protest, and an objection must be filed in the circuit court in the proceedings involving the next application for judgment. (Ill. Rev. Stat. 1985, ch. 120, par. 675.) The trial court, having considered the objection, enters judgment on the objection, creating a final and appealable order.

If the PTAB procedure is used, appellate review follows the circuit court's administrative review. If the objection at the time of the application for judgment procedure is used, then the appellate review is available following the final judgment of the circuit court.

■ Courts have no jurisdiction in any direct proceeding to review, supervise, or correct assessments *duly* made by local assessors. (*People v. Illinois Women's Athletic Club* (1935), 360 Ill. 577, 579, 196 N.E. 881, 882; *La Grange Bank #1713 v. Du Page County Board of Review* (1979), 79 Ill. App. 3d 474, 484, 398 N.E.2d 992, 1000-01; 31 Ill. L. & Prac. *Revenue* §197 (1957).) The circuit court can only proceed with the objection if the complaining taxpayers have pursued their statutory remedies before a board of review. *Women's Athletic Club*, 360 Ill. at 579, 196 N.E. at 882.

■ The following statement is included in *People ex rel. Joseph v. Schoenborn* (1968), 41 Ill. 2d 302, 304-05, 242 N.E.2d 147, 149, quoting *People ex rel. Frantz v. M.D.B.K.W., Inc.* (1966), 36 Ill. 2d 209, 211:

> " 'It is only where the property has been grossly overvalued, the assessed valuation being reached under circumstances showing either lack of knowledge of known values or a deliberate fixing of values contrary to the known value, that fraud in law will be inferred. Before the conduct of the taxing authorities will be considered constructive fraud, the evidence must clearly establish that the assessment was made in ignorance of the value of the property, or on a judgment not based upon readily ascertainable facts, or on a designedly excessive basis. *People ex rel. Nordlund v. Lans*, 31 Ill. 2d 477; *People ex rel. Callahan v. Gulf, Mobile and Ohio Railroad Co.*, 8 Ill. 2d 66; *People ex rel. Rhodes v. Turk*, 391 Ill. 424.' "

A mere difference in opinion as to real estate value cannot invalidate an assessment. The courts are powerless to rectify a mere error of judgment. Only fraud, constructive or actual, is justified for court relief of assessed valuations. *Schoenborn*, 41 Ill. 2d at 305, 242 N.E.2d at 149.

■ The two mutually exclusive procedures we have discussed were described and approved in *Schlenz* (115 Ill. 2d at 142, 503 N.E.2d at 244). The recovery for wrongful assessment is the amount that the objecting taxpayer would not have paid had the property been correctly assessed (*Schlenz*, 115 Ill. 2d at 142, 503 N.E.2d at 244), not the entire tax (as plaintiffs appear to claim).

The trial court's order of October 7, 1991, dismissing counts I and II was based on the reasoning that relief from improper assessments is limited to the methods described in this opinion and, once that type of review was provided by the ruling on count III, plaintiffs no longer had a cause of action in the instant case.

■ Absent the allegations of the obliteration of the notice of rights to obtain review of an assessment, we find that this cause of action would have been dismissed because of lack of jurisdiction. This cause involves an attack on an assessment, not a tax rate, and, as we have said, the only recourse, as set forth in *Schlenz*, is one of the two methods previously described. Assuming the obliteration of notice deprived plaintiffs of knowledge of review rights, once the remedy was provided under count III, we concur with the trial court's order dismissing counts I and II. No further rights existed. The wrong, *if any*, was rectified.

However, we also suggest that the entire complaint might well have been dismissed earlier, because it did not specifically allege that plaintiffs failed to file a complaint before the Board of Review because of the action of Pietrazak. If plaintiffs knew their rights and failed to act thereon, regardless of Pietrazak's conduct, no reason existed for their not using the administrative remedies. In such a case, *no* jurisdiction would exist in this cause of action.

Affirmed.

GREEN, P.J., and STEIGMANN, J., concur.