2023 IL App (2d) 220242
No. 2-22-0242
Opinion filed July 14, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF LAKE COUNTY for General Taxes for the Year 2018 | ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| | ) | |
| | ) | No. 19-TX-7 |
| | ) | |
| (Lawrence Lazar and Elizabeth Lazar, Plaintiffs-Appellants, v. Holly Kim, Lake County Treasurer and *ex officio* Lake County Collector, Defendant-Appellee). | ) ) ) ) | Honorable Daniel B. Shanes, Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiffs, Lawrence and Elizabeth Lazar, appealed their 2018 real estate tax assessment to the Lake County Board of Review (Board of Review), which determined that a reduction in the assessment was not warranted. Plaintiffs then appealed to the Property Tax Appeal Board (PTAB) but subsequently withdrew their appeal. Thereafter, they filed a tax objection complaint in the circuit court. Defendant, Holly Kim, the Lake County Treasurer and *ex officio* Lake County Collector, moved for summary judgment, arguing that the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2020)) precluded plaintiffs from filing a tax objection complaint in the circuit court

and, thus, the court lacked subject matter jurisdiction to hear the case. The circuit court granted defendant's summary judgment motion, and plaintiffs appeal. We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiffs own the property at 2358 Highmoor Road in Highland Park. They paid the real estate taxes on the property for tax year 2018 and timely filed a 2018 real estate valuation complaint with the Board of Review. After a hearing, the Board of Review, on January 4, 2019, determined that the evidence did not warrant a reduction in the property's assessment.[1]

¶ 4     On April 25, 2019, plaintiffs appealed to the PTAB. The PTAB issued a docket number (No. 18-02546). On September 30, 2019, plaintiffs requested to withdraw their appeal, and, on October 17, 2019, the PTAB granted plaintiffs' request.

¶ 5     On November 7, 2019, plaintiffs filed, in the circuit court, a tax objection complaint, challenging the 2018 real estate taxes on their property.

¶ 6     On February 26, 2020, defendant moved to dismiss plaintiffs' complaint (735 ILCS 5/2-619(a)(1) (West 2020)), arguing that the circuit court did not have subject matter jurisdiction over the matter, because, by filing an appeal to the PTAB, plaintiffs were precluded from later filing a tax objection complaint in the circuit court. On July 29, 2020, the circuit court (Judge Jorge L. Ortiz) denied defendant's motion.

¶ 7     On February 15, 2022, defendant moved for summary judgment (*id.* § 2-1005(c)), arguing again that the Property Tax Code precluded plaintiffs from filing their complaint in the circuit

---

[1]In its decision, the Board of Review lists the common address of the property as 12 Ridge Road, Highland Park. The parties agree that the property's common address is 2358 Highmoor Road, Highland Park.

court after they had filed an appeal to the PTAB and, thus, the circuit court lacked subject matter jurisdiction to hear their complaint. On May 31, 2022, the circuit court (Judge Daniel B. Shanes) granted defendant summary judgment. Plaintiffs appeal.

¶ 8                                   II. ANALYSIS

¶ 9      Plaintiffs argue that the circuit court erred in granting defendant summary judgment. They contend that their voluntary withdrawal of their appeal before the PTAB rendered the administrative filing a legal nullity and, thus, did not preclude their filing a tax objection complaint in the circuit court. Plaintiffs assert that the relevant Property Tax Code provision is ambiguous and that a broad reading is warranted to ensure a just result, especially considering the PTAB regulations that favor voluntary withdrawals. They contend that they moved to voluntarily withdraw their 2018 appeal and that the PTAB rules, unlike the Code of Civil Procedure, contain no formal right of reinstatement within 30 days or a provision for refiling. See *id.* §§ 2-1301(e), 13-217. Thus, they reason, once their motion for withdrawal was filed and granted, the PTAB lost jurisdiction over the matter and their initial appeal was a legal nullity. For the following reasons, we agree with plaintiffs' arguments.

¶ 10     A circuit court is permitted to grant summary judgment only if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* § 2-1005(c). The circuit court must view these documents and exhibits in the light most favorable to the nonmoving party. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). The purpose of summary judgment is not to try an issue of fact but to determine whether a triable issue of fact exists. *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 708 (2002). Whether the circuit court has subject matter jurisdiction is a question of law and properly decided

on a motion for summary judgment. *La Verne v. Jackman*, 84 Ill. App. 2d 445, 454-55 (1967). We review *de novo* a circuit court's decision to grant a motion for summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 11 Further, the construction of a statute is a question of law, which we review *de novo*. *Board of Education of Richland School District No. 88A v. City of Crest Hill*, 2021 IL 126444, ¶ 20. "Our primary objective in construing a statute is to ascertain and effectuate the legislature's intent." *Hacker v. Halley*, 2021 IL App (2d) 210050, ¶ 20. We are guided by the statute's language, which is the best indication of that intent, and we must apply the statute as written, giving the words used their plain and ordinary meaning. *Id.* We cannot "add provisions that are not found in a statute, nor [can we] depart from [the] statute's plain language by reading into the law exceptions, limitations, or conditions that the legislature did not express." *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 408 (2010).

¶ 12 Under the Property Tax Code, a party has two mutually exclusive appeal options to challenge a property tax assessment after receiving a decision from the Board of Review: (1) file an appeal with the PTAB[2] (35 ILCS 200/16-160 (West 2020)) or (2) pay the real estate tax due on the property (*id.* § 23-5 (payment under protest)) and then file a tax objection complaint in the circuit court (*id.* § 23-10 (tax objection complaint)). *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 477 (2008); see also *Schlenz v. Castle*, 115 Ill. 2d 135, 142 (1986).

> "If a taxpayer seeks review before the [PTAB], he or she is precluded from filing objections based upon valuation in the circuit court. In the same way, if a taxpayer files objections

---

[2] Final decisions of the PTAB are subject to the Administrative Review Law. See 735 ILCS 5/3-101 to 3-113 (West 2020).

based upon valuation in the circuit court, the taxpayer cannot file a petition contesting the assessment of the subject property with the [PTAB]. 35 ILCS 200/16-160 (West 2002); 86 Ill. Adm. Code §§ 1910.50(f), (g) (2007) (amended at 31 Ill. Reg. 16222, eff. November 26, 2007)." *Madison Two Associates*, 227 Ill. 2d at 477-78.

Thus, at a given time, a taxpayer cannot have two active appeals—one with the PTAB and one with the circuit court—challenging the same assessment.

¶ 13    Section 16-160 of the Property Tax Code, which is the focus of this appeal, addresses the PTAB process and provides, in relevant part:

"[A]ny taxpayer dissatisfied with the decision of a board of review *** as such decision pertains to the assessment of his or her property for taxation purposes, *** may, (i) in counties with less than 3,000,000 inhabitants within 30 days after the date of written notice of the decision of the board of review ***appeal the decision to the [PTAB] for review. *** If a petition is *filed* by a taxpayer, the taxpayer is precluded from *filing* objections based upon valuation, as may otherwise be permitted by Sections 21-175 [(proceedings by court)] and 23-5 [(payment under protest)]. However, any taxpayer not satisfied with the decision of the board of review *** as such decision pertains to the assessment of his or her property need not appeal the decision to the [PTAB] before seeking relief in the courts." (Emphases added.) 35 ILCS 200/16-160 (West 2020).

¶ 14    Similarly, PTAB rule 1910.50(f) provides that, "[i]f a petition is filed by a taxpayer with the [PTAB], the taxpayer is precluded from filing objections based upon valuation in the Circuit Court as may otherwise be permitted by Sections 21-175 and 23-5 of the Property Tax Code. (Section 16-160 of the Code)[.]" 86 Ill. Adm. Code 1910.50(f) (2019). PTAB rule 1910.50(g) states that, "[i]f a taxpayer files objections based upon valuation in the Circuit Court as permitted

by Sections 21-175 and 23-5 of the Property Tax Code, the taxpayer is precluded from filing a petition contesting the assessment of the subject property with the [PTAB]. (Section 16-160 of the Code)[.]" *Id.* § 1910.50(g).

¶ 15 Proceedings before the PTAB are governed by the rules of practice and procedure it has promulgated. *Madison Two Associates*, 227 Ill. 2d at 478; 35 ILCS 200/16-165, 16-170 (West 2020); 86 Ill. Adm. Code 1910. The circuit court's procedures are governed by the Property Tax Code, the Civil Practice Law (735 ILCS 5/2-101 to 2-114 (West 2020)) (where the Property Tax Code is silent), and the rules of court. *Madison Two Associates*, 227 Ill. 2d at 479.

¶ 16 We agree with plaintiffs that the only reasonable interpretation of the term "filed" (including its variations) in section 16-160 of the Property Tax Code is a broad one that encompasses the circumstances here. In the Property Tax Code, the legislature provided two mutually exclusive avenues to challenge a property tax assessment. A broad reading of the term "filed" comports with the statutory scheme.

¶ 17 Furthermore, the PTAB rules favor voluntary withdrawals. PTAB rule 1910.50(j) addresses the withdrawal/dismissal of an appeal by a party and provides:

> "The contesting party may, at any time before the hearing begins, [(1)] move to withdraw or [(2)] voluntarily dismiss the appeal, by written request filed with the [PTAB] and all other parties to the appeal. Motions to withdraw or voluntarily dismiss an appeal are favored by the Board and will be denied only in the most extreme or compelling circumstances." 86 Ill. Adm. Code 1910.50(j) (2019).

Here, plaintiffs moved to withdraw their appeal to the PTAB, and, although the rule distinguishes between motions to withdraw and voluntary dismissals, the parties agree that there is no substantive difference between the two types of motions. General civil case law instructs that "[t]he

effect of a dismissal without prejudice is to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed. *** [A] nonsuit results in a nullity that has no binding effect ***." *Bank of New York Mellon v. Dubrovay*, 2021 IL App (2d) 190540, ¶ 30. We see no reason why this should not also be the case in property tax appeals. Specifically, here, the effect of the withdrawal of plaintiffs' appeal to the PTAB (prior to any hearing or any substantive rulings by the PTAB and where no intervenors were involved in the case) is that the appeal was rendered a nullity. Accordingly, the effect of the granting of the withdrawal was to leave the parties in the same position as if the appeal had never been filed, and plaintiffs were not thereafter foreclosed from pursuing the other available appeal option, namely, filing in the circuit court. We believe that this interpretation is the only logical and just result and ensures that only one appeal option is utilized at one time. The granting of the motion to withdraw left the parties in the same position as if the appeal had never been filed, and, therefore, plaintiffs could file their objection complaint in the circuit court.

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons stated, we reverse the judgment of the circuit court of Lake County and remand for further proceedings.

¶ 20    Reversed and remanded.

*In re Application of the County Treasurer & ex officio County Collector of Lake County*,
**2023 IL App (2d) 220242**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 19-TX-7; the Hon. Daniel B. Shanes, Judge, presiding. |
| **Attorneys for Appellant:** | David C. Dunkin, Hal R. Morris, Elizabeth A. Thompson, and Erik J. VanderWeyden, of Saul Ewing LLP, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Eric F. Rinehart, State's Attorney, of Waukegan (Gunnar Gunnarsson, and Jamie Helton, Assistant State's Attorneys, of counsel), for appellee. |